United States District Court
Southern District of Texas
FILED

MAY 12 1993

MICHAEL N. MILBY, CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAY 12 1993

MICHAEL N. MILBY, CLERK
By Deputy: X Champion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| LEONEL TORRES HERRERA, § § Petitioner, § § v. § § JAMES A. COLLINS, DIRECTOR § TEXAS DEPARTMENT OF § CRIMINAL JUSTICE, § INSTITUTIONAL DIVISION, § § Respondent. § | CIVIL ACTION NO. M-93-106 |

## M E M O R A N D U M

Petitioner Leonel Torres Herrera, by counsel, has filed with this Court his *fourth* federal Petition for Writ of Habeas Corpus, pursuant to Title 28 U.S.C. section 2254, and a Motion for Stay of Execution, in the above-referenced cause of action.

In this petition the Petitioner makes a free-standing claim of actual innocence under Herrera v. Collins, ___ U.S. ___, 113 S.Ct. 853 (1993).

Although Chief Justice Rehnquist who delivered the opinion of the Court in Herrera v. Collins, stated "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding," id. at ___, 113 S.Ct. at 860, the Supreme Court's decision in that case leaves this court with the impression that at

least six and possibly seven of the Court's nine justices[1] would find it unconstitutional to execute an actually innocent individual. The high standard set by members of the majority for measuring this type of free-standing actual innocence claim as well as their opinions about the Petitioner's innocence claims were stated by the members of the majority as follows:

by Chief Justice Rehnquist --

> We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim. But because the very disruptive effect that entertaining claims of actual innocence would have on the need for finality in capital cases, and the enormous burden that having to retry cases based on often stale evidence would place on the States, the threshold showing for such an assumed right would necessarily be extraordinarily high. The showing made by petitioner in this case falls far short of any such threshold.

Herrera v. Collins, 113 S.Ct. at 869;

by Justices O'Conner and Kennedy --

> I cannot disagree with the fundamental legal principle that executing the innocent is inconsistent with the

---

[1] This Court counts Justices Blackmun, Stevens, and Souter, all of whom joined in the dissent, who found "it plainly [ ] violative to the Eighth Amendment to execute a person who is actually innocent" Herrera v. Collins, 113 S.Ct. at 877 (Blackmun, J. dissenting), Justice White who also assumed that a "persuasive showing of 'actual innocence' made after trial, even though made after the expiration of the time provided by law... would render unconstitutional the execution of the petitioner..." id. at 875 (White, J. concurring), Justices O'Conner and Kennedy who agreed with "the fundamental legal principle that executing the innocent is inconsistent with the Constitution" id. at 870 (O'Conner, J. concurring), and Chief Justice Rehnquist who assumed *arguendo* that "a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional". id. at 869.

2

> Constitution. Regardless of the verbal formula employed -- "contrary to contemporary standards of decency," *post*, at 876 (dissenting opinion) (relying on <u>Ford v. Wainwright</u>, 477 U.S. 399, 406, 106 S.Ct. 2595, 2600, 91 L.Ed.2d 335 (1986)), "shocking to the conscience", *post*, at 876 (relying on <u>Rochin v. California</u>, 342 U.S.165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952)), or offensive to a "'"principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,"'"*ante*, at 864 (opinion of the Court)(quoting <u>Medina v. California</u>, 505 U.S.___, ___ - ___, 112 S.Ct. 2572, 2573, 120 L.Ed. 353 (1992), in turn quoting <u>Patterson v. New York</u>, 432 U.S. 197, 202, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281 (1977))--the execution of a legally and factually innocent person would be a constitutionally intolerable event. Dispositive to this case, however, is an equally fundamental fact: Petitioner is not innocent, in any sense of the word.

<u>Id</u>. at 870 (O'Conner, J., concurring);

by Justice White --

> In voting to affirm, I assume that a persuasive showing of "actual innocence" made after trial, even though made after the expiration of the time provided by law for the presentation of newly discovered evidence, would render unconstitutional the execution of petitioner in this case. To be entitled to relief, however, petitioner would at the very least be required to show that based on proffered newly discovered evidence and the entire record before the jury that convicted him, "no rational trier of fact could [find] proof of guilt beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). For the reasons stated in the Court's opinion, petitioner's showing falls far short of satisfying even that standard, and I therefore concur in the judgment.

<u>Herrera v. Collins</u>, 113 S.Ct. at 875 (White, J., concurring).

The Court has reviewed Petitioner's fourth petition for habeas relief and the new evidence filed since his prior federal habeas petitions, in support of it.[2] Even with the new evidence

---

[2] The new evidence since the prior federal petitions includes affidavits from three individuals who claim that Raul Herrera, Petitioner's brother, confessed to them that he, and not Leonel Herrera, killed officers Rucker and Carrisalez. Those affidavits

3

it appears to this Court that Petitioner fails to satisfy the high actual innocence standard which would be applied by Justices Kennedy, O'Conner, White, and as assumed *arguendo* by Chief Justice Rehnquist and as articulated by them in Herrera v. Collins, ___ U.S. ___, 113 S.Ct. 853 (1993), and therefore would not be entitled to relief under that case and this petition and the request for stay of execution should be denied.

Done 5/12/93 at McAllen, Texas.

*[signature]*
Ricardo H. Hinojosa
UNITED STATES DISTRICT JUDGE

---

were made by Antonio Rivera, Jessie Gomez and Adan Alaniz. In addition Petitioner has submitted an alibi affidavit from his sister, Norma Rodriguez, who claims that Petitioner was at her home the night of the murders. The petitioner has also submitted an affidavit from polygraph examiner Ernie Hulsey, and his polygraph examination reports for Raul Herrera, Jr., Norma Rodriguez, Antonio Rivera, and Jessie Gomez. There has also been a videotape submitted. The Court notes all of this evidence has either been submitted with this Petition or has been submitted as courtesy copies of matters previously submitted with the Texas Court of Criminal Appeals. All of this evidence was considered by this Court as if filed with this Petition.

4